J-A22026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MELANIE D. GORDON | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MATTHEW B. GORDON | |
| Appellant | No. 2190 MDA 2015 |

Appeal from the Decree January 22, 2015
In the Court of Common Pleas of Franklin County
Civil Division at No(s): 2013-951

| | |
|---|---|
| MELANIE D. GORDON | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MATTHEW B. GORDON | |
| Appellant | No. 290 MDA 2016 |

Appeal from the Decree January 22, 2016
In the Court of Common Pleas of Franklin County
Civil Division at No(s): 2013-951

BEFORE:  GANTMAN, P.J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED NOVEMBER 23, 2016**

Appellant, Matthew B. Gordon ("Husband"), appeals from the decree in divorce ending his marriage to Appellee, Melanie D. Gordon ("Wife"). On appeal, Husband raises seven challenges to the trial court's equitable distribution order, which after amendment, acted as the final divorce

decree.[1] After careful review, we conclude that Husband is due no relief, and therefore affirm.

Husband and Wife had been married for 24 years when Wife filed for divorce in 2013. On July 15, 2014, the first equitable distribution hearing was held before a master. Only one witness testified at the hearing, Wife's pension valuation expert. That master subsequently recused himself from the case.

After the appointment of a substitute master, a second hearing was held on November 10, 2014. At this hearing, Wife presented her own testimony, as well as further testimony from her pension expert and the testimony of an expert in home valuation. The next hearing date was set for January 26, 2015.

Shortly before the scheduled hearing, Wife filed a petition for special relief seeking access to money in marital accounts. Husband requested a continuance of the equitable distribution hearing, which was granted. A hearing on Wife's petition was subsequently held February 13, 2015, and testimony was limited to the issue of whether Wife was entitled to access to a marital stock account prior to a final resolution of the equitable distribution claims. The master ultimately concluded that no relief was due to Wife, but

---

[1] Husband's appeal from the equitable distribution order was premature. **See** Pa.R.A.P. 341(b)(1). However, we may treat his premature appeal as a timely appeal of the subsequently entered amendment. **See** Pa.R.A.P. 905(a)(5).

ruled that Husband would not be allowed another continuance of the hearing.

The third hearing was held on March 23, 2015. Husband and Wife testified and both parties rested. The master issued a report and recommendation on May 20, 2015, awarding Wife 50.5% of the marital estate. Husband's pension from his service as a Pennsylvania State Police officer, valued at $1,180,097, from which Husband was currently drawing a monthly income, was by far the largest asset in the marital estate. The master determined that there were insufficient assets to permit an "in-kind" distribution to offset Wife's claim on the pension, and therefore recommended that the pension be split by a qualified domestic relations order ("QDRO"), providing that Wife would receive 47.4%[2] of Husband's monthly payment from the pension.

Husband subsequently filed thirty exceptions to the master's report, while Wife filed five. After receiving argument from the parties, the trial court issued an order adopting the master's report in whole, with minor exceptions regarding certain payments made by Wife during the pendency of this matter, as well as requiring Wife's pension expert to update the present value of Husband's pension.

---

[2] The master determined that the marital portion of Husband's pension constituted 93.92% of the value of the pension.

Husband filed a notice of appeal from this order. Pursuant to a rule to show cause issued by this Court, Husband filed a motion for clarification from the trial court, seeking the inclusion of a divorce decree in the equitable distribution order. On January 20, 2016, the trial court issued an amended order of court finalizing the decree in divorce.

On appeal, Husband seeks to raise seven challenges to the trial court's equitable distribution award. Initially, we note that the substantive portion of Husband's brief on appeal is 45 pages. Therefore, Husband was required to certify that his brief did not exceed 14,000 words. **See** Pa.R.A.P. 2135(a)(1). No such certification is present in his brief.

Furthermore, pursuant to Pa.R.A.P. 124(a)(4), Husband's brief was required to be typed in a font no smaller than 14 point in the body. An examination of Husband's brief reveals that the body is typed in 12 point.

> Briefs … shall conform in all material respects with the [Rules of Appellate Procedure] as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and if the defects … in the brief … of the appellant … are substantial, the appeal … may be quashed or dismissed.

Pa.R.A.P. 2101. A party wishing to exceed the length limits set forth in the Rules of Appellate Procedure must request leave of court prior to the submission of the non-conforming brief. **See DeMasi v. DeMasi**, 530 A.2d 871, 874 n.1 (Pa. Super. 1987).

Husband's intentional violations of the Rules of Appellate Procedure do not hamper our ability to dispose of the matters on appeal, and we therefore

will not quash or dismiss the appeal. However, we cannot condone such conduct, especially when it is detrimental to an opposing party who endeavors to remain compliant with the Rules. We therefore conclude that all content of Husband's brief beyond page 30 (as numbered) is waived for failure to abide by the Rules.

Turning to the merits of Husband's arguments, we note that his challenges all concern the award of equitable distribution. Our standard of review in equitable distribution matters is as follows.

> A trial court has broad discretion when fashioning an award of equitable distribution. Our standard of review when assessing the propriety of an order effectuating the equitable distribution of marital property is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure. We do not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence. This Court will not find an abuse of discretion unless the law has was been overridden or misapplied or the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record. In determining the propriety of an equitable distribution award, courts must consider the distribution scheme as a whole. We measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights.
>
> Moreover, it is within the province of the trial court to weigh the evidence and decide credibility and this Court will not reverse those determinations so long as they are supported by the evidence. We are also aware that a master's report and recommendation, although only advisory, is to be given the fullest consideration, particularly on the question of witnesses, because the master has the opportunity to observe and assess the behavior and demeanor of the parties.

*Childress v. Bogosian*, 12 A.3d 448, 455 (Pa. Super. 2011) (citations and quotation marks omitted).

There is no simple formula by which to divide marital property; the method of distribution derives from the facts of the individual case. *See Gaydos v. Gaydos*, 693 A.2d 1368, 1376 (Pa. Super. 1997). In fashioning an equitable distribution award, the trial court must consider, at a minimum, the eleven factors set forth in 23 Pa.C.S.A. § 3502, Equitable division of marital property, (a) General rule. "The courts attempt to split property equitably, instead of equally, taking into consideration such factors as length of marriage, the contributions of both spouses, ages and health of each spouse." *Taper v. Taper*, 939 A.2d 969, 974 (Pa. Super. 2007) (citation omitted).

Husband's first challenge concerns the transcripts of the February 13, 2015 hearing on Wife's petition for special relief. Husband contends that the master did not have access to this transcript, and as a result, she did not consider all the circumstances of the case when she issued her report and recommendation. He contends that the master's failure to review the February 13 transcript deprived the master of important evidence regarding a stock account owned by Mother.

We need not reach the procedural issue raised by Husband, as we conclude that any possible error arising from the master not having the transcript to review was utterly harmless. The petition for special relief dealt

with Wife's Edward Jones account, which was an investment and retirement account. *See* N.T., Hearing, 2/13/15, at 6. The history of this account was the subject of extensive questioning during the equitable distribution hearings. *See*, *e.g.*, N.T., Hearing, 11/10/14, 220-233; N.T., Hearing, 3/23/15, 22-24, 29-33, 39-41, 177-179, 213-220. Husband does not identify any crucial evidence that was presented at the special relief hearing that was not presented during the equitable relief hearing. We thus conclude that Husband's first issue on appeal merits no relief.

In any event, we note that the substitute master heard the petition for special relief on February 13, 2015. She also heard the second equitable distribution hearing on March 23, 2015. Finally, she issued her report and recommendation on May 20, 2015, slightly more than three months after the hearing on the petition for special relief. There is no indication in the record, nor does Husband cogently argue, that the master had forgotten the testimony that she heard on February 13, 2015, in three months' time. The trial court did not err or commit an abuse of discretion in concluding that the substitute master "was well aware of the testimony from the special relief hearing held on February 13, 2015." Trial Court Opinion, 11/13/15, at 18.

In his second issue on appeal, Husband contends that the trial court erred in handling his pension. The crux of Husband's argument concerns the present valuation of Wife's share of his pension. Important to this question is the fact that, during the marriage, and with Wife's signed consent, Husband

chose to have his pension paid out only for the remainder of his life. Should Husband predecease Wife, the pension payments to both parties would end.

Husband's argument focuses on the converse scenario where Husband outlives his actuarially determined life expectancy under the pension plan. If that happens, Husband argues, Wife would receive a "windfall" of pension payments over and above the present value assigned to her share of the pension by the master. However, Husband's argument fails to acknowledge that, under the circumstances set forth by Husband, Wife would not receive a "windfall" at Husband's expense. Rather, Wife would receive a share of the "windfall" Husband received from his pension plan. As the pension is primarily marital property, Wife is entitled to an appropriate share of any "windfall" derived from the pension. Thus, Husband's second argument on appeal merits no relief.

As noted above, we find the remaining five arguments raised by Husband waived due to Husband's failure to abide by the Rules of Appellate Procedure. However, even if we were to reach these issues, we conclude that none would entitle Husband to relief.

Husband's third issue amounts to a challenge of the master's credibility determinations regarding the use of marital funds for marital purposes. The trial court gave proper deference to these credibility determinations, and therefore we would find that the trial court did not err.

Husband's fourth issue attacks an error made by the master in describing certain accounts that were at issue. The trial court reviewed the record and concluded that the error was merely clerical in nature, and that the master's report indicated that the master was aware of the different accounts at issue. Our review of the record and the master's report comports with the trial court's, and therefore, had we reached this issue, we would have concluded that the trial court did not err.

In his fifth issue, Husband argues that the master's finding of a disparity in non-marital assets was not supported by the record. However, our review of the record comports with the trial court's, and we find ample support for the master's recommended findings.

Next, Husband asserts that the trial court did not properly weigh the evidence concerning the tax consequences that apply to his deferred compensation program. Once again, the trial court was entitled to rely upon the credibility determinations recommended by the master. Husband's sixth argument would merit no relief.

Finally, Husband argues that the trial court erred when it amended the equitable distribution order pursuant to Husband's request for clarification. As noted above, this Court observed that a final decree in divorce had not been entered when Husband filed this appeal. In response to our rule to show cause, Husband moved for the trial court to amend its order to include entry of a decree of divorce. Wife responded by noting that she had no

objection to the entry of the decree, so long as alimony *pendente lite* ("APL") was continued pending resolution of the appeal.

The trial court amended the equitable distribution order to include the entry of a divorce decree, but also included a requirement that APL continue during the appeal. Husband contends that the trial court erred by including the provision of APL in the amended order. However, Husband's motion for clarification noted that Wife concurred with "the filing of this Motion provided that [Wife's] award of APL remains in place pending the appeal in this matter." Motion for Clarification, 1/19/16, at ¶ 12. Husband's motion does not assert any objection to the continuance of APL. This argument would therefore have been waived on appeal.

Decree affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/23/2016</u>